IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD KYLE REEVES, #255 472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-904-TMH |
| ) | [WO] |
| DR. TAHIR SIDDIQ, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 complaint alleging that Defendants are exhibiting deliberate indifferent to his serious medical needs. The named defendants are Lieutenant Scott, Dr. Tahir Siddiq, Warden Rene Mason, Warden J.C. Giles, Captain Nettles, and Sergeant Whitley. Plaintiff alleges that Defendant Siddiq refuses to provide him with medical care and treatment for a painful hernia. The complaint, however, is devoid of any complaints or allegations against Defendants Scott, Mason, Giles, Nettles, or Whitley. The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against these individuals.

While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against Defendants Scott, Mason, Giles, Nettles, or Whitley. These individuals are, therefore, due to be dismissed as parties to the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se*

complaint that was silent as to defendant except for his name appearing in caption). *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Scott, Mason, Giles, Nettles, and Whitley be DISMISSED without prejudice and prior to service of process;

2. Defendants Scott, Mason, Giles, Nettles, and Whitley be DISMISSED as parties to the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case with regard to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before January 2, 2013**, Plaintiff may an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff object. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2012.

                                          /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE