IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD KYLE REEVES, #255 472, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-904-TMH |
| | )                 [WO] |
| DR. TAHIR SIDDIQ, M.D., *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, challenges the provision of medical care provided to him by  Defendant,  Dr. Tahir Siddiq.   Plaintiff requests that Dr. Siddiq be required to provide him with hernia surgery. He also seeks $250,000.00 in damages.

Pursuant to the orders of this court, Defendant filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint.  In this report, Defendant asserts that Plaintiff is entitled to no relief on his claim of inadequate medical care and further argues that this case is due to be dismissed because Plaintiff has failed to exhaust an administrative remedy available to him  as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Specifically, Defendant maintains  that, with respect to the claims presented in the instant complaint, Plaintiff has failed to exhaust the administrative remedies available to him at the Bullock Correctional Facility via the prison's health care grievance procedure  as he has failed to file any type of grievance about the allegations made the basis

of his complaint. (*Doc. No. 9, Plaintiff's Medical Records, Gould Affidavit.*)

In accordance with the orders of the court, Plaintiff was informed that Defendant's written report may, at any time, be treated as a dispositive motion, and the court explained to Plaintiff the proper manner in which to respond to such motion. This case is now pending before the court on Defendant's motion to dismiss. (*Doc. No.9.*) Upon consideration of Defendant's dispositive motion and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion to dismiss is due to be granted and this case against him dismissed without prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I. DISCUSSION

The Eleventh Circuit has held that "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense ... is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss ..." *Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). The court determined that a district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record. *Id.* at 1376. Accordingly, parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the

motion to dismiss into a summary judgment motion.  *Id*. at 1377 n. 16.

Plaintiff brings this action claiming that Defendant failed to provide him with constitutionally adequate medical care in regard to his complaints concerning a painful hernia.  In response to the complaint, Defendant maintains this case is subject to dismissal because Plaintiff failed to exhaust properly the administrative remedy provided at the Bullock Correctional Facility prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford*

*v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance

procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of his exhaustion argument, Defendant submits evidentiary material which reflects that, at all times relevant to this litigation, the Bullock Correctional Facility had available an inmate grievance procedure for inmates who have concerns/complaints with the provision of health care afforded them at the facility. (*See Doc. No. 9, Gould Affidavit.*) This grievance procedure is available to all Bullock Correctional Facility inmates, including Plaintiff. ( *Id.*) Defendant maintains that Plaintiff did not exhaust the inmate grievance procedure regarding the matter made the subject of his complaint prior to filing this civil action. (*Id.*) To support this assertion, Defendant offers declarations and records which make it clear that Plaintiff failed to file any grievance with respect to his claim of inadequate medical care in satisfaction of the exhaustion requirement. (*Id. and Plaintiff's Medical Records.*) Plaintiff has provided nothing to refute or explain Defendant's evidence showing he failed to comply with prison's grievance procedure for matters associated with inmate complaints concerning the provision of health care.

The undersigned finds there is no dispute of material fact that Plaintiff failed to

exhaust his administrative remedies with respect to his claim of inadequate medical care against Defendant. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court, therefore, concludes that the claims presented in this cause of action are subject to summary dismissal without prejudice as Plaintiff failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by Defendant (*Doc. No. 9*) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Bullock Correctional Facility;

2. This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Bullock Correctional Facility;

3. No costs be taxed herein.

It is further

ORDERED that on or before **May 21, 2013** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE